# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 20, 2020

```
* * * * * * * * * * * * *
KRISTY BOONE, Mother and next      *
friend of KAYLEE ANNE BOONE,       *      No. 17-054V
                                   *      Special Master Sanders
              Petitioner,          *
                                   *      UNPUBLISHED
v.                                 *
                                   *
SECRETARY OF HEALTH                *      Attorneys' Fees and Costs
AND HUMAN SERVICES,                *
                                   *
              Respondent.          *
* * * * * * * * * * * * *
```

Howard S. Gold, Gold Law Firm, LLC, Wellesley Hills, MA, for Petitioner;
Daniel A. Principato, United States Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On January 13, 2017, Kristy Boone ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program on behalf of her daughter, Kaylee Anne Boone.[2] 42 U.S.C. §300aa-10 et seq. (2012). Petitioner alleged that her daughter "received the PCV 13, HBV, IPV, DTap, HIB, and Rotavirus vaccines on January 9, 2015, and thereafter suffered a reaction which led to [her] death, which was 'caused-in-fact' by the . . . vaccinations." Pet. at 1, ECF No. 1 On November 12, 2019, Petitioner filed a motion to voluntarily dismiss pursuant to Rule 21(a). ECF No. 64. The undersigned issued her Decision granting Petitioner's

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

motion and dismissing the petition for insufficient proof on November 13, 2019. Decision, ECF No. 65.

On November 22, 2019, Petitioner filed a motion for attorney fees and costs. ECF No. 66 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $33,300.75, representing $26,004.50 in attorney fees and $7,296.25 in attorney costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner has indicated that she has not incurred any out of pocket costs. *Id.* Respondent responded to the motion on December 6, 2019, stating that Respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 67. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

I.   **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of*

*Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[3]

Petitioner requests that her counsel, Mr. Howard Gold, be compensated at the following rates: $370.00 per hour for work performed in 2016, $380.00 per hour for work performed in 2017, $390.00 per hour for work performed in 2018, and $400.00 per hour for work performed in 2019. These rates are consistent with what Mr. Gold has previously been awarded for his work in the Vaccine Program, and the undersigned finds them to be reasonable herein.

### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, the undersigned finds a reduction must be made due to overbilling on certain entries by Mr. Gold. Specifically, on January 19, 2017, Mr. Gold billed 2.3 hours to file the petition and review a scheduling order and on April 4, 2017, he billed 1.6 hours to file medical records and draft a statement of completion. Fees App. at 6-7. In the undersigned's experience, this time is excessive. To account for this, the undersigned shall reduce the final award of attorneys' fees by **$1,250.00**. Accordingly, Petitioner is awarded final attorneys' fees of **$24,754.50**.

### c. Attorney Costs

---

[3] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $7,296.25 in attorneys' costs, comprised of acquiring medical records, the Court's filing fee, travel to meet with Petitioner, and work done by Petitioner's expert, Dr. M. Eric Gershwin. Fees App. at 10. Petitioner has provided adequate documentation of all these expenses, and all are reasonable in the undersigned's experience. Accordingly, the requested costs shall be awarded in full.

## II.   Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| Attorneys' Fees Requested | $26,004.50 |
| --- | --- |
| (Reduction to Fees) | -($1,250.00) |
| **Total Attorneys' Fees Awarded** | **$24,754.50** |
| | |
| Attorneys' Costs Requested | $7,296.25 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$7,296.25** |
| | |
| **Total Attorneys' Fees and Costs** | **$32,050.75** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. **Accordingly, the undersigned awards a lump sum in the amount of $32,050.75, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. Howard Gold.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.